USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

          Plaintiff,

  vs.

DAVID L. JOHNSON,

          Defendant.

---

09 Civ. 4826 (KMK)

ORDER

  Upon the Complaint of plaintiff International Business Machines Corporation ("IBM"), the declaration of Mark Loughridge, executed on May 26, 2009, the declaration of J. Randall MacDonald, executed on May 26, 2009, the supplemental declaration of J. Randall MacDonald, executed on June 1, 2009, the declaration of Stephen S. Madsen, executed on June 1, 2009, the declaration of Marek P. Krzyzowski, executed on May 26, 2009, the accompanying memorandum of law and the affidavit of David L. Johnson dated June 2, 2009, it is hereby

  ORDERED that defendant show cause before this Court at a hearing in Courtroom 521, United States Courthouse, 300 Quarropas Street, White Plains, New York, on June 22, 2009 at 10 a.m., why an order should not be entered pursuant to Federal Rule of Civil Procedure 65 granting a preliminary injunction enjoining defendant, David L. Johnson, from violating the Noncompetition Agreement and continuing employment with Dell Inc. ("Dell"), and granting such other and further relief the Court deems just and proper; and it is further

  ORDERED that defendant's responsive papers to this application for a preliminary injunction shall be filed by June 12, 2009, and Plaintiff's reply papers shall be filed by June 18, 2009; and it is further

ORDERED that IBM shall effect personal delivery of a copy of this Order and supporting papers, upon Schulte, Roth & Zabel LLP, attorneys for defendant, no later than 5:00 p.m. on June 5, 2009, which shall constitute due and sufficient service and notice thereof; and it is further

ORDERED that:

1. Defendant may commence working for Dell immediately upon entry of this Order, subject to the provisions of this Order.

2. Following entry of this Order and until determination of IBM's motion for a preliminary injunction, defendant may not, directly or indirectly, advise Dell or any person employed or retained by Dell, or otherwise affiliated with Dell, on any matter concerning business strategy of Dell or any competitor of Dell, including IBM.

3. Defendant shall preserve the confidentiality of all IBM confidential information in his possession and shall not divulge any such information to any person, including any person employed or retained by Dell or otherwise affiliated with Dell. Such information shall not be disclosed either directly or indirectly, as, for example, by asking questions.

4. Defendant shall provide to his counsel copies of all materials received from Dell or any representative of Dell that are provided to or reviewed by him, which materials shall be made available within 24 hours of their receipt on an attorneys-eyes-only basis to counsel for IBM, if so ordered by the Court.

5. Defendant shall maintain and supply to his counsel on a daily basis a log of his activities concerning Dell, which shall state, with reasonable specificity, the nature of each activity, the amount of time involved and all persons involved. The log shall be made

available within 24 hours of receipt on an attorneys-eyes-only basis to counsel for IBM, if so ordered by the Court.

6. On a weekly basis commencing on June 5, 2009, and continuing until entry of the Court's decision on IBM's motion for a preliminary injunction, defendant shall certify under penalty of perjury, using the Form of Certification attached to this order, his compliance with this Order.

7. To the extent that defendant has a question, prior to entry of the Court's decision on IBM's motion for a preliminary injunction, as to whether any information he intends to or may disclose or otherwise use in any way is covered by the restrictions above, defendant shall raise such question with the Court before any disclosure or use of that information, with sufficient notice to IBM.

8. Violation of any provision of this Order shall be punishable as a contempt.

Dated: June 4, 2009
White Plains, New York

_____
Hon. Kenneth M. Karas
United States District Judge

## Form of Certification

I, DAVID L. JOHNSON, declare and state as follows:

1. I have not advised Dell or any person employed or retained by Dell, or otherwise affiliated with Dell, on any matter concerning business strategy of Dell or any competitor of Dell, including IBM.

2. I have preserved the confidentiality of all IBM confidential information in my possession and have not divulged any such information to any person, including any person employed or retained by Dell or otherwise affiliated with Dell. I have not disclosed any such information either directly or indirectly.

3. I have provided to my counsel copies of all materials received from Dell or any representative of Dell that have been provided to or reviewed by me, which materials have been made available within 24 hours of their receipt on an attorneys-eyes-only basis to counsel for IBM, if so ordered by the Court.

4. I have maintained and supplied to my counsel on a daily basis a log of my activities concerning Dell, which state, with reasonable specificity, the nature of each activity, the amount of time involved and all persons involved. The log has been made available within 24 hours of receipt on an attorneys-eyes-only basis to counsel for IBM, if so ordered by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____, 2009, at _____, _____.

By: _____
David L. Johnson