UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
International Business Machines Corporation,  :
                     Plaintiff,  :    Civ. No.09-cv-4826 (SCR)
             - against -  :
                                 :    **ANSWER**
David L. Johnson,  :
                     Defendant.  :
------------------------------------------------------x

       Defendant David L. Johnson ("Defendant" or "Mr. Johnson"), by his attorneys, Schulte Roth & Zabel LLP and Morgan, Lewis & Bockius LLP, hereby files his answer and affirmative and other defenses, to the Amended Complaint filed on June 24, 2009, by Plaintiff International Business Machines Corporation ("IBM" and "Plaintiff").  Any allegation not expressly admitted is generally denied.

### Nature of the Action

       1.     Defendant denies the allegations of Paragraph 1, except admits that he was an IBM executive with responsibilities for mergers and acquisitions, and that IBM purports to bring this action to prevent him from working for Dell.

       2.     Defendant denies the allegations of Paragraph 2.

       3.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and avers that Paragraph 3 contains legal conclusions to which no response is required.

       4.     Defendant admits the allegations of Paragraph 4.

### Jurisdiction and Venue

       5.     Defendant denies the allegations of Paragraph 5 and avers that Paragraph 5 contains legal conclusions to which no response is required.

6. Defendant denies the allegations of Paragraph 6 and avers that Paragraph 6 contains legal conclusions to which no response is required. Defendant further avers that he did not enter into a noncompetition agreement with Plaintiff.

### Relevant Facts

7. Defendant admits the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8, except admits that Plaintiff is a provider of enterprise servers and storage services.

9. Defendant denies the allegations of Paragraph 9, except admits that Defendant had been employed by Plaintiff beginning in 1981 and held the position of Vice President of Corporate Development for approximately eight years where he had responsibilities for mergers and acquisitions, and for a certain period of time, reported to Mark Loughridge, Senior Vice President and Chief Financial Officer of IBM.

10. Defendant denies the allegations of Paragraph 10, except admits that as the Vice President of Corporate Development for Plaintiff, Defendant played an active role in acquisitions and divestitures.

11. Defendant denies the allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12, except admits that Defendant possessed information regarding acquisitions and divestitures while employed by Plaintiff.

13. Defendant denies the allegations of Paragraph 13, except admits that Mr. Johnson was a member of the I&VT, which included approximately 300 IBM executives from across IBM.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15, except admits that Defendant was a member of I&VT.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17 and avers that Defendant did not enter into a noncompetition agreement with Plaintiff.

18. Defendant denies the allegations of Paragraph 18 and avers that Defendant did not enter into a noncompetition agreement with Plaintiff. To the extent the allegations purport to describe a noncompetition agreement attached to the Amended Complaint, Defendant respectfully refers the Court to the document for a full statement of its contents.

19. Defendant denies the allegations of Paragraph 19. To the extent the allegations purport to describe a noncompetition agreement attached to the Amended Complaint, Defendant respectfully refers the Court to the document for a full statement of its contents.

20. Defendant denies the allegations of Paragraph 20. To the extent the allegations purport to describe a noncompetition agreement attached to the Amended Complaint, Defendant respectfully refers the Court to the document for a full statement of its contents.

21. Defendant denies the allegations of Paragraph 21. To the extent the allegations purport to describe a noncompetition agreement attached to the Amended Complaint, Defendant respectfully refers the Court to the document for a full statement of its contents.

22. Defendant denies the allegations of Paragraph 22 and avers that Defendant did not enter into a noncompetition agreement with Plaintiff. To the extent the allegations purport to describe a noncompetition agreement attached to the Amended Complaint, Defendant respectfully refers the Court to the document for a full statement of its contents.

23. Defendant denies the allegations of Paragraph 23 and avers that Defendant did not enter into a noncompetition agreement with Plaintiff. To the extent the allegations purport to describe a noncompetition agreement attached to the Amended Complaint, Defendant respectfully refers the Court to the document for a full statement of its contents.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant admits that he signed the confidentiality agreement in 1981 that is attached to the Amended Complaint. To the extent the allegations purport to describe the terms of the confidentiality agreement, Defendant respectfully refers the Court to the document for a full statement of its contents. Defendant denies any remaining allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26, except admits that IBM maintains equity-based compensation programs for executives.

27. Defendant denies the allegations of Paragraph 27, except admits that under some equity-compensation plans, under certain circumstances IBM may seek the return of equity awards and under some plans, executives agree not to hire or solicit other IBM employees or IBM customers.

28. Defendant denies the allegations of Paragraph 28, except admits that he has received equity-based compensation from IBM.

29. Defendant denies the allegations of Paragraph 29, except admits that on May 18, 2009, he notified IBM that he intended to accept a position at Dell.

30. Defendant admits the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31, except admits that Defendant will advise Dell with respect to strategy.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant admits the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34. To the extent the allegations purport to describe the terms of Dell's or IBM's 2009 10-K, Defendant respectfully refers the Court to the documents referenced in Paragraph 34 for a full statement of their contents.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

41. The allegations of Paragraph 41 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

42. The allegations of Paragraph 42 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

43. The allegations of Paragraph 43 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

44. The allegations of Paragraph 44 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

45. The allegations of Paragraph 45 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

46. The allegations of Paragraph 46 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

47. The allegations of Paragraph 47 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

48. The allegations of Paragraph 48 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

49. The allegations of Paragraph 49 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

50. The allegations of Paragraph 50 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

51. The allegations of Paragraph 51 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

### COUNT I - Breach of Noncompetition Agreement

52. Defendant realleges each and every response herein to Paragraphs 1 through 51.

53. Defendant denies the allegations in Paragraph 53, except avers that Paragraph 53 contains legal conclusions to which no response is required. Defendant further avers that Defendant did not enter into a noncompetition agreement with Plaintiff.

54. Defendant denies the allegations in Paragraph 54, except avers that Paragraph 54 contains legal conclusions to which no response is required. Defendant further avers that Defendant did not enter into a noncompetition agreement with Plaintiff.

55. Defendant denies the allegations in Paragraph 55, except avers that Paragraph 55 contains legal conclusions to which no response is required. Defendant further avers that Defendant did not enter into a noncompetition agreement with Plaintiff.

56. Defendant denies the allegations in Paragraph 56, except avers that Paragraph 56 contains legal conclusions to which no response is required.

### COUNT II - Misappropriation of Trade Secrets

57. Defendant realleges each and every response herein to Paragraphs 1 through 56.

58. Defendant denies the allegations in Paragraph 58, except avers that Paragraph 58 contains legal conclusions to which no response is required.

59. Defendant denies the allegations in Paragraph 59, except avers that Paragraph 59 contains legal conclusions to which no response is required.

60. Defendant denies the allegations in Paragraph 60, except avers that Paragraph 60 contains legal conclusions to which no response is required.

### COUNT III – Breach of Contract

61. Defendant realleges each and every response herein to Paragraphs 1 through 60.

62. The allegations of Paragraph 62 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

63. The allegations of Paragraph 63 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

64. The allegations of Paragraph 64 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

### COUNT IV – Breach of Duty

65. Defendant realleges each and every response herein to Paragraphs 1 through 64.

66. The allegations of Paragraph 66 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

67. The allegations of Paragraph 67 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

68. The allegations of Paragraph 68 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

69. The allegations of Paragraph 69 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

70. The allegations of Paragraph 70 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

71. The allegations of Paragraph 71 relate to claims that are subject to Defendant's pending partial motion to dismiss, and therefore, no responsive pleading is required. To the extent any responsive pleading is required, the allegations are denied.

## **Affirmative and Other Defenses**[1]

Defendant, for his affirmative defenses to the Complaint, alleges as follows without assuming any burden of proof of such defenses that would otherwise rest on Plaintiff.

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

---

[1] Affirmative and other defenses that relate to claims that are subject to Defendant's pending partial motion to dismiss are not included in this responsive pleading.

## Second Defense

Plaintiff's claims are barred in whole or in part because Defendant never entered into a noncompetition agreement with Plaintiff.

## Third Defense

Plaintiff's claims are barred in whole or in part because there was no meeting of the minds with regard to a noncompetition agreement.

## Fourth Defense

Plaintiff's claims are barred in whole or in part because Plaintiff and Defendant never mutually agreed to enter a noncompetition agreement.

## Fifth Defense

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to identify any document or information constituting a trade secret or that is otherwise entitled to legal protection.

## Sixth Defense

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to establish that Defendant possesses information that cannot be replicated from public sources.

## Seventh Defense

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to establish that Defendant possesses information about Plaintiff that would be valuable to Dell.

## Eighth Defense

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to show that Defendant will inevitably disclose any trade secrets he may have learned while employed by Plaintiff in his new position at Dell.

<u>Ninth Defense</u>

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to show any unlawful use of Plaintiff's trade secrets by Defendant.

<u>Tenth Defense</u>

Plaintiff's claims are barred in whole or in part because Plaintiff has suffered no damage caused by the actions alleged in the Complaint.

<u>Eleventh Defense</u>

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to exercise reasonable care and diligence to mitigate its alleged damages.

<u>Twelfth Defense</u>

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

Dated: New York, New York
July 9, 2009

SCHULTE ROTH & ZABEL LLP

By: /s/ (SES)
Ronald E. Richman
Holly H. Weiss
Sara E. Solfanelli
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 756-2048
Facsimile: (212) 593-5955
ronald.richman@srz.com

Michael L. Banks
Michael S. Burkhardt
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001

*Attorneys for Defendant David L. Johnson*