UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

        Plaintiff,

    v.

DAVID L. JOHNSON,

        Defendant.

09 Civ. 4826 (SCR)

MEMORANDUM DECISION
AND ORDER

**STEPHEN C. ROBINSON, United States District Judge.**

International Business Machines Corporation ("IBM") has requested leave, for the second time in this litigation, to file a second motion for a preliminary injunction. IBM's proposed motion seeks essentially the same relief it sought (unsuccessfully) in its first motion for a preliminary injunction. The Court denies IBM's request, and a brief summary of the procedural history of this case will elucidate the reasons for the denial.

On June 1, 2009, IBM sought a preliminary injunction enjoining David L. Johnson, formerly IBM's Vice-President of Corporate Development, from violating a purported non-competition agreement and from continuing his employment as Senior Vice President of Strategy at Dell Inc. ("Dell"), a competitor of IBM. At a hearing before Judge Kenneth M. Karas, to whom this action was assigned originally, doubt was raised as to whether the alleged non-competition agreement had been duly executed by Mr. Johnson. As a result, Judge Karas scheduled a preliminary injunction hearing for June 22, 2009, to permit the parties to engage in expedited discovery and file legal memoranda on New York contract law. Judge Karas also permitted Mr. Johnson to commence his employment at Dell but restricted him from advising

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

09 Civ. 4826 (SCR)                                                                                                      2

Dell on any matter concerning the business strategy of Dell or IBM and enjoined him from disclosing any of IBM's confidential information in his possession. Subsequently, the case was transferred to this Court, which held a lengthy preliminary injunction hearing on June 22, 2009. The Court reserved decision on that first motion for preliminary injunction, but it informed the parties that a written decision would be issue within four days.

Two days after the preliminary injunction hearing, IBM amended its complaint to include claims for breach of contract and breach of duty. The following day, before the Court had issued its written decision on IBM's first request for a preliminary injunction, IBM filed another request for a preliminary injunction. That request "rest[ed] on information developed in discovery showing that defendant Johnson has, for several years, misused IBM resources, facilities and personnel for his own personal benefit, and showing, further, that Mr. Johnson could not possibly perform the duties for which Dell Inc. has hired him without using and/or disclosing IBM's trade secrets and other proprietary information." Letter from Stephen S. Madsen to the Honorable Stephen C. Robinson (June 26, 2009) at 1. The Court denied IBM's request to file a second preliminary injunction.

On June 26, 2009, the Court issued a twenty-seven page written decision denying IBM's first motion for a preliminary injunction. The Court determined that IBM "face[d] a daunting, if not insurmountable, task in convincing a finder-of-of fact that it treated Mr. Johnson's ambiguous conduct as an acceptance of its offer to enter into a non-competition agreement." *Int'l Bus. Mach. v. Johnson*, --- F. Supp. 2d ---, No. 09-cv-4826, 2009 WL 1850316, at *11 (S.D.N.Y. June 26, 2009). With respect to the Second Circuit's alternative avenue for obtaining a preliminary injunction, the Court held that, although "IBM would undoubtedly suffer harm absent an injunctive order," the balance of equities did not tip decidedly in favor of IBM "given

IBM's failure to show a likelihood of success on the merits, the significant hardship that Mr. Johnson would suffer from the issuance of an injunctive order, and New York's public policy disfavoring non-competition agreements." *Id.* at *13-15. IBM immediately filed in this Court a notice of appeal, and it then filed several requests for injunctive relief with the Court of Appeals for the Second Circuit.[1] IBM's appeal is still pending.

On July 10, 2009, IBM made a second request to file a second motion for a preliminary injunction. According to IBM, this second motion for a preliminary injunction is based on "Mr. Johnson's legal duties to protect IBM trade secrets and confidential information" and on "Mr. Johnson's duties to IBM pursuant to a confidentiality agreement that he signed when he joined IBM, the provisions of his various IBM equity grants and IBM's internal Business Conduct Guidelines." Letter from Stephen S. Madsen to the Honorable Stephen C. Robinson (July 10, 2009) at 1. IBM sought an order, among other things, enjoining Mr. Johnson "from working in any role at Dell that would involve mergers and acquisitions, as well as any role that would require him to advise Dell on its strategies related to such matters as enterprise services, servers, storage, so-called 'Cloud' computing and business analytics." *Id.* at 2. This is essentially the same relief that IBM requested in its first motion for a preliminary injunction, which the Court denied in its June 26 decision.

On July 23, 2009, this Court held a pre-motion conference on IBM's request. At that conference, IBM conceded that this second motion for a preliminary injunction was *not* based on information produced by Mr. Johnson during the expedited discovery that took place prior to the

---

[1] After its filing of the notice of appeal, IBM filed with the Second Circuit an emergency motion for an expedited appeal and for injunctive relief. The Second Circuit granted IBM's emergency motion on June 26, 2009. Subsequently, however, on July 1, 2009, the Second Circuit vacated its grant of IBM's motion and determined that IBM's motion for an expedited appeal and for injunctive relief would be heard by a three-judge motions panel on July 15, 2009. Following the July 15 oral argument, the Second Circuit granted IBM's motion for expedited appeal but denied its motion for an injunction pending appeal.

09 Civ. 4826 (SCR) 4

June 22 preliminary injunction hearing. Rather, IBM's second motion is based on information that has been in *IBM's possession* since well before the June 22 hearing.

The Court shall not allow IBM to litigate this matter through piecemeal, seriatim motions requesting the same relief, especially when the information that is the basis for the successive motion was in IBM's possession at the time of the filing of its first motion for preliminary injunction. This method of proceeding—which would require another bout of expedited discovery and likely would require another extensive evidentiary hearing—is vexatious and does a great disservice to the interests of Mr. Johnson and of the Court in the orderly conduct of this litigation. For these reasons, "parties ought to be 'held to the requirement that they present their strongest case for [relief] when the matter is first raised.'" *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (quoting *Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961)). "Separate adjudications of piecemeal motions," one court in this district has explained, "are not favored under the Federal Rules of Civil Procedure." *Tilcon Minerals, Inc. v. Orange Rockland Utils., Inc.*, 851 F. Supp. 529, 531 (S.D.N.Y. 1994) (citing Rules 1, 12, and 56). Indeed, "[a] series of piecemeal [motions] would waste resources of both the parties and the court, contrary to the objectives" of Rule 1. *Id.*; *cf. F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 429 (6th Cir. 1987) ("Parties should not be allowed to harass their adversaries and the courts with a barrage of successive motions for extraordinary, preliminary injunctive relief, secure in the knowledge that they can take an interlocutory appeal when it becomes apparent that they cannot win their war or attrition."); *see also Martal Cosmetics, Ltd. v. Int'l Beauty Exch.*, 01-cv-7595, 2007 WL 2126091, at *9 (S.D.N.Y. June 24, 2007) ("The[] [defendants] have improperly delayed bringing their motions to seek the unfair tactical advantage of piecemeal litigation . . . ."); *Goktepe v. Lawrence*, 03-cv-89, 2004 WL

2516184, at *1 (D. Conn. Oct. 14, 2004) ("The Court looks with particular disfavor on motions to dismiss raising arguments that could have and should have been raised earlier.").

Despite this presumption against piecemeal, seriatim motions, IBM has not shown good cause for its failure to seek a preliminary injunction on the basis of Mr. Johnson's confidentiality agreement. That agreement has been in IBM's possession since Mr. Johnson began his employment there more than twenty years ago. In addition, the facts that have led IBM to believe that Mr. Johnson is violating the terms of the confidentiality agreement have been within IBM's possession since prior to its filing of the first motion for a preliminary injunction. Given this absence of good cause, the Court shall not allow IBM to litigate this matter through piecemeal, seriatim motions requesting the same relief that has already been denied.

Moreover, allowing IBM to file this second motion for a preliminary injunction might well encroach upon the Second Circuit's review of IBM's appeal. The filing of a notice of appeal from the denial of a preliminary injunction does not ipso facto "'divest the trial court of jurisdiction to continue with other phases of the case.'" *District 2, Marine Eng'r Beneficial Assoc. v. Falcon Carriers*, 374 F. Supp. 1342, 1345 (S.D.N.Y. 1974) (quoting *Ex Parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156 (1906)). Here, however, IBM's filing of a successive motion for preliminary injunction—especially with respect to the analysis of irreparable harm and the balancing of equities, *Winter v. Nat'l Res. Def. Council*, --- U.S. ---, 129 S. Ct. 365, 275 (2008)—would require this Court to reconsider certain aspects of its original ruling,[2] which is currently before the Second Circuit. *See Falcon Carriers*, 374 F. Supp. at 1345 ("[I]t is settled that an interlocutory appeal from the denial of preliminary injunctive relief divests the court . . .

---

[2] *See, e.g., Int'l Bus. Mach. v. Johnson*, --- F. Supp. 2d ---, No. 09-cv-4826, 2009 WL 1850316, at *12-15 (S.D.N.Y. June 26, 2009) (reaching conclusions as to the harm that IBM and Mr. Johnson would suffer, the balance of equities between the parties, and the public interest involved).

09 Civ. 4826 (SCR)                                                                                                      6

of jurisdiction with regards to questions raised and decided upon the interlocutory order appealed from."). Accordingly, IBM's request is denied.

*It is so ordered.*

Dated: ⎯⎯July 30⎯⎯⎯⎯⎯, 2009

White Plains, New York

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Stephen C. Robinson
United States District Judge